*SWIFT vs. WILLIAMS & AL.*

The continuance of an executor's functions by the probate judge, after the expiration of the year, enables him to maintain an action.

A survey made before any application to the Spanish government may be given in evidence where it forms part of the *res gesta.*

APPEAL from the court of the eighth district, the judge of the second presiding.

This suit was brought in the usual form of a petitory action, in which the plaintiff set forth the title of his testator, and claimed to recover a certain tract of land described in his petition from the defendants, as possessed without right.

The defendants in their answer, denied specially that the plaintiff was executor of McElroy, and set up title in themselves to the premises: the answer concluded with a prayer, that if the plaintiff's title should be decreed to be better than the defendants', the latter might have judgment against the plaintiff for three thousand dollars, being the value of the improvements put upon the land.

Eastern District.
*April* 1830.

SWIFT
*vs.*
WILLIAMS
& AL.

The plaintiff first introduced the will of McElroy, constituting him executor, and a renewal of his letters after the expiration of the year. Secondly, a certificate of the land commissioners, dated in 1820. And thirdly, the Spanish recommendation, dated in 1806, upon which the certificate issued.

He then, to show the location of the land claimed under the certificate, propounded to Nathan Allen, the following question. "Were you present on any occasion when land was surveyed under the Spanish government for James McElroy, if so, state whether the land so surveyed was situate within the parish of St. Helena, whether lines were marked at the time of survey, and whether the defendants are now in possession of the land included in those lines?" In answer to this question, the witness proceeded to state, that he was a chain carrier when lands were surveyed in St. Helena, for James McElroy, in 1804, and having said thus much, was on motion of the defendants' counsel stoped by the court, on the ground that the witness could not prove a location of an earlier date than the Spanish recommendation dated in 1806. To this opinion of the court the plaintiff excepted. There was judgment for the defendants in the court below, and the plaintiff appealed.

*Workman,* for the appellant, urged the following points.

Eastern District
*April*, 1830.

SWIFT
*vs.*
WILLIAMS
& AL.

1. The evidence of Nathan Allen ought to have been heard on the points on which he was questioned, and the exception to the refusal of the court to allow the same ought to have been sustained.

Independent of that evidence there is sufficient testimony on record to enable the plaintiff to recover, viz: The Spanish recommendation and the certificate of the land commissioners of the United States.

*Watts,* contra.

The plaintiff was no longer executor, the will was probated in 1821, and the suit commenced in 1827—the year had expired—C. C. 244, art. 166—C. C. 246, art. 173—Johnson vs. Brent, 3, n. s. 601—La. Code, 1666, 7—1652.

2. The testimony of Allen was properly rejected as to the survey in 1804, the commencement of the title being in 1816.

PORTER, J. delivered the opinion of the court. This is a petitory action, in which both parties set up title to the premises: there

Eastern District.
*April*, 1830.

SWIFT
*vs.*
WILLIAMS
& AL.

The continuance of an executors functions after the expiration of the year by the probate judge, enables him to maintain an action.

was judgment in the court below for the defendants, and the plaintiff appealed.

The answer denies specially the representative character of the plaintiff. It appears, he was duly appointed executor of McElroy, and although a year and a day had expired, from the opening of the succession until the commencement of the suit, the continuance of the executor's functions by the judge of probates, enabled him to commence and maintain this action.

On the trial of the cause, the counsel for plaintiff introduced a witness to prove, that previous to the testator having made any application to the Spanish government, for the land now in dispute, he had caused a survey of it to be made. This testimony was objected to, on the ground "that no location of an earlier date, than that of the Spanish recommendation, could be given in evidence," and the objection was sustained, and as we think, erroneously, by the court.

What would have been the effect of such evidence, when received, need not be stated, nor indeed could it be well known, until the merits of the case were examined. But if the boundaries of the land, the identity of the

premises, or the right derived from first possession, were at all questions in the cause, a survey made, even before an application to the Spanish government, was proper evidence, as making a part of the *res gesta.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this case be remanded to the district court, with directions to the judge, not to reject proof of the survey made by the plaintiff's ancestor, previous to his application to the Spanish government; and it is further ordered, that the appellees pay the costs of this appeal

<div style="margin-right note">

Eastern District.
*April*, 1830.

Swift
*vs.*
Williams
& al.

A survey made before any application to the Spanish government, may be given in evidence where it forms a part of the *res gesta.*